UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ISMAEL APONTE,<br><br>    *Petitioner*,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>**Acting Commissioner of Social Security**,<br><br>    *Defendant*. | **Civil Action No. 15-2742**<br><br>**OPINION AND ORDER** |

**ARLEO, UNITED STATES DISTRICT JUDGE**

    **THIS MATTER** comes before the Court on Plaintiff Ismael Aponte's ("Plaintiff") request for review, pursuant to 42 U.S.C. §§ 1383(c)(3) and 405(g), of the Commissioner of Social Security Administration's ("Commissioner") denial of Disability Insurance Benefits and/or Supplemental Security Income Benefits ("disability benefits"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and having considered the parties' submission, the Court finds that the Commissioner's decision is not supported by substantial evidence and is hereby **VACATED** and **REMANDED** for further proceedings consistent with this Opinion and Order.

    By way of brief background, Plaintiff's May 23, 2011 application for Disability Insurance Benefits and Supplemental Security Income was denied initially on October 20, 2011 and upon reconsideration on November 28, 2012. Tr. 11, 95-100, 104-06, 120-22. After a hearing was held before ALJ Patrick Kilgannon on August 29, 2013, the ALJ issued an opinion finding that Plaintiff was not disabled within the meaning of the Act because he could perform his past relevant work

as an order entry clerk. Tr. 8-25.  On February 13, 2015, Plaintiff's subsequent request for review by the Appeals Council was denied.  Tr. 1-6.  This appeal followed.

**I.   ANALYSIS**

Plaintiff alleges that the ALJ erred in finding that he has sufficient residual functional capacity to return to his past relevant work because the ALJ improperly categorized his past relevant work.  The Court agrees.

In his opinion, the ALJ concluded that Plaintiff is capable of "performing past relevant work as an order entry clerk" for UPS Supply Chain Solutions.  Tr. 19.  At the hearing, Plaintiff testified that this position required him "to locate the item, bring the item, package the item, give them[,] . . . put it in the system, and ship it off to the driver."  Tr. 34.  The VE and ALJ concluded that Plaintiff's past relevant work as an "order entry clerk" corresponded with DOT# 203.582-054, which requires work at the sedentary level.  Tr. 19, 46.

Yet DOT #203.582-054 is actually titled "data entry clerk," not "order entry clerk."  And the functions of a "data entry clerk" are described as follows:

> Operates keyboard or other data entry device to enter data into computer or onto magnetic tape or disk for subsequent entry: Enters alphabetic, numeric, or symbolic data from source documents into computer, using data entry device, such as keyboard or optical scanner, and following format displayed on screen.  Compares data entered with source documents, or re-enters data in verification format on screen to detect errors.  Deletes incorrectly entered data, and re-enters correct data.  May compile, sort, and verify accuracy of data to be entered.  May keep record of work completed.

DOT #203.582-054.  Plaintiff's responsibilities as an "order entry clerk" do not appear to correspond with this listing.

In a situation where "there is an unexplained inconsistency or conflict between the DOT and the testimony of the vocational expert," the ALJ must "ask the vocational expert whether any possible conflict exists between the vocational expert's testimony and the DOT."  Burns v. Barnhart, 312 F.3d 113, 126-27 (3d Cir. 2002).  If there does appear to be a conflict, the ALJ must

"elicit a reasonable explanation for the apparent conflict," which must "be made on the record, and [] the ALJ [must] explain in his decision how the conflict was resolved." Id. at 127. The ALJ did not even acknowledge, much less resolve, this conflict.

The Court is also troubled by another aspect of the VE's testimony. At the hearing, the ALJ asked the VE whether a hypothetical person with the RFC to perform light work or sedentary work could perform Plaintiff's past work, and the VE testified that this hypothetical person "could *not* work as an order entry clerk." Tr. 47 (light exertional limitation), Tr. 48 (sedentary exertional limitation). Curiously, the ALJ then concluded that Plaintiff *could* perform his previous work as an order entry clerk. Tr. 19-20. Although the VE's testimony as recorded may have been, as the Commissioner notes, the result of a typographical error, it renders the ALJ's conclusion that Plaintiff could perform his past work activities even further unsupported.

Accordingly, the ALJ's step four finding that Plaintiff could perform his past relevant work is not supported by substantial evidence, and remand is appropriate.[1]

## II. CONCLUSION

**IT IS** on this 31st day of July 2017 **ORDERED** that Plaintiff's appeal be and hereby is **GRANTED**; and it is further **ORDERED** that the Commissioner's decision in this matter is

---

[1] Plaintiff also argues that the ALJ erred in determining that Plaintiff retains the residual functional capacity to perform light work. In particular, he alleges that the ALJ improperly discounted Plaintiff's complaints of severe pain, and erred by assigning great weight to the non-examining state agency physicians' reports over that of other medical evidence. Whether the ALJ's RFC decision was supported by substantial evidence is a close call, in particular because the ALJ did not appear to discuss many of the findings of Dr. Nathaniel Barber, Plaintiff's primary treating physician (who at one point opined that Plaintiff could not return to work), and because the ALJ's opinion appears to state that Plaintiff "described activities consistent with a limitation to sedentary work," despite the ALJ's finding that Plaintiff could perform light work. Tr. 18, 314. Given the Court's decision to remand as to whether Plaintiff can perform his past relevant work, the ALJ should also revisit his RFC determination to address these issues on remand.

3

**VACATED** and **REMANDED** to the Commissioner for further proceedings in accordance with this Opinion and Order.

/s *Madeline Cox Arleo*
**HON. MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**